SANDRA S. HUNTLEY, PLAINTIFF-APPELLANT v. HOWARD LISK COMPANY, INC., DEFENDANT-APPELLEE

No. COA02-75

(Filed 17 December 2002)

**1. Workers' Compensation— fall during job interview—subject matter jurisdiction**

The courts rather than the Industrial Commission had jurisdiction over a case involving a fall during a job interview because the Workers' Compensation Act applies only when an employer-employee relationship exists. This plaintiff was on defendant's premises to take a driving test that was part of the application process; there was no promise of employment or agreement between the parties.

**2. Negligence— duty of care—handholds on truck cab**

Defendant did not owe plaintiff a duty of care where plaintiff, an experienced truck driver applying for a job with defendant, fell when she reached for an exterior handle which did not exist on

that model truck. The existence of handholds represented an open and safe condition which should have been apparent to someone exercising the proper level of care; rather than exercise ordinary care, plaintiff assumed that handholds existed on the outside of the cab.

Appeal by plaintiff from order entered 17 October 2001 by Judge Sanford L. Steelman, Jr., in Stanly County Superior Court. Heard in the Court of Appeals 29 October 2002.

*Egerton & Associates, PA, by Lawrence Egerton, Jr., for plaintiff-appellant.*

*Templeton & Raynor, PA, by Kenneth R. Raynor, for defendant-appellee.*

BRYANT, Judge.

Plaintiff, Sandra S. Huntley, appeals from the trial court's order granting defendant's motion for summary judgment.

Plaintiff had two years experience driving tractor-trailers manufactured by Freightliner, International, Volvo and Peterbilt when she applied for a position as a driver for defendant, Howard Lisk Company. On 10 May 2000, defendant asked plaintiff to take a road test. Before taking the test, defendant's safety director requested that plaintiff make a pre-trip inspection of a Freightliner eighteen-wheel tractor-trailer. Plaintiff asked for gloves to use during the inspection, and the director informed her that there were gloves in the cab of the truck. Plaintiff climbed into the driver's side of the truck cab using a handle on the outside of the driver's side door.

For the safety of the driver, tractor-trailers have handholds (a.k.a. "grab rails" or "safety bars") either on the outside or inside of the cab. The tractor-trailer plaintiff was to inspect had handholds on the inside of the cab, to the right of doorway. After retrieving the gloves, plaintiff attempted to exit the vehicle. Plaintiff, who had never driven a tractor-trailer without an outside handhold, descended the cab and reached out for an outside handhold as she was accustomed. Because there were no outside handholds on the tracker-trailer, plaintiff lost her balance and fell five feet to the ground, breaking her leg in three places.

On 27 November 2000, plaintiff filed a complaint alleging that defendant was negligent in failing to, among other things, inform her

that the tractor-trailer did not have outside handholds. Defendant answered, denying its negligence and asserting that plaintiff was contributorily negligent. Defendant subsequently filed a motion for summary judgment, which was granted by the trial court in a 17 October 2001 order. Plaintiff now appeals.

Plaintiff presents two questions for review: I) whether the injury she sustained during the preliminary employment inspection is compensable under the Workers' Compensation Act such that this Court lacks subject matter jurisdiction; and II) whether the trial court erred in granting defendant's motion for summary judgment.[1]

## I. Subject Matter Jurisdiction

[1] By her first assignment of error, plaintiff contends that this Court lacks subject matter jurisdiction because plaintiff is deemed an employee under North Carolina's Workers' Compensation Act, and therefore, the North Carolina Industrial Commission, not the trial court, has exclusive original jurisdiction over plaintiff's claim. *See Nationwide Mut. Ins. Co. v. American Mutual Liability Ins. Co.*, 89 N.C. App. 299, 301-02, 365 S.E.2d 677, 679 (1988) (noting that Industrial Commission has original exclusive jurisdiction over Workers' Compensation claims). We disagree.

Plaintiff raises the issue of subject matter jurisdiction for the first time on appeal. Although our Rules of Appellate Procedure require an appellant to list assignments of error in the record on appeal, N.C.R. App. P. 10(c)(1), the issue of subject matter jurisdiction may be raised at any time, even on appeal. *McAllister v. Cone Mills Corp.*, 88 N.C. App. 577, 579, 364 S.E.2d 186, 188 (1988). Therefore, we must address the question of whether an interviewee performing a preemployment test is deemed an employee, such that she is subject to the Workers' Compensation Act. Our review of the relevant case law reveals that this is an issue of first impression in North Carolina. Plaintiff argues that we should adopt the holding of the West Virginia Supreme Court in *Dodson v. Workers' Compensation Div.*, 558 S.E.2d 635 (W. Va. 2001). The *Dodson* court found that an injury sustained during a preemployment physical test was compensable under West Virginia's workers' compensation laws. *Id.* at 640-43. Although we find *Dodson* instructive, its relevant facts are distinguishable from, and therefore inapplicable to, the present case.

---

1. Plaintiff raises two additional assignments of error on appeal. However, because plaintiff presents no argument in her brief concerning these alleged errors, we consider them abandoned. *See* N.C.R. App. P. 28 (b)(6).

The *Dodson* court first distinguished between jurisdictions addressing the issue of whether preemployment injuries are compensable under workers' compensation laws. *Id.* at 642-43. The jurisdictions fall into two categories. Jurisdictions which generally find that preemployment injuries are not covered do so based on the nonexistence of an employment agreement or promise of employment between employer and employee at the time of the injury. *Id.* at 641. These courts find that the potential employee is taking the preemployment test for her own benefit in seeking employment and not that of the potential employer. *Id.*

Jurisdictions which find that preemployment injuries are covered do not "mandate" the existence of an employer-employee relationship. *Id.* at 642. Rather, "[t]hese jurisdictions [] rely on the service aspect of the employer-employee relationship under the workers' compensation laws to conclude that preemployment tests requiring the performance of special skills which benefit the employer as well as the applicant qualify for workers' compensation coverage." *Id.* (citation omitted). Furthermore, the second category of courts focuses on the situs of the test, usually on the employer's premises, and who was in control of the test, again, normally the employer. *Id.*

The *Dodson* court found that while the above-cited approaches were necessary to its discussion, neither embraced the intersection of the facts before it and West Virginia law, which required that a contract for employment must exist for an employer-employee relation to attach. *Id.* The court concluded that the injury in *Dodson* was compensable under West Virginia workers' compensation laws because the *Dodson* employer had already extended an offer of employment to the plaintiff and that offer was conditioned on her completion of the test. *Id.* at 643.

Our review of relevant case and statutory law reveals that in North Carolina, the existence of an employment agreement is essential for the formation of an employer-employee relationship. It is well-established that our Workers' Compensation Act [the Act], N.C.G.S. §§ 97-1 to -200 (2001), applies only when an employer-employee relationship exists. *Hicks v. Guilford County*, 267 N.C. 364, 365, 148 S.E.2d 240, 242 (1966). The Act defines "employee" as:

> every person engaged in an employment *under any appointment or contract of hire* or apprenticeship, express or implied, oral or written, including aliens, and also minors, whether lawfully or unlawfully employed, but excluding persons whose employment

is both casual and not in the course of the trade, business, pro-
fession, or occupation of his employer . . . .

N.C.G.S. § 97-2(2) (2001) (emphasis added). Our Supreme Court has
stated that two questions are critical to determining whether an
employer-employee relationship exists: "(1) *What are the terms of the
agreement—that is, what was the contract between the parties*; and
(2) what relationship between the parties was created by the con-
tract—was it that of master and servant or that of employer and inde-
pendent contractor?" *Askew v. Leonard Tire Co.*, 264 N.C. 168, 172,
141 S.E.2d 280, 283 (1965) (emphasis added).

We find no evidence in the present record indicating that there
was an employment contract between plaintiff and defendant.
Plaintiff was on defendant's premises to take a driving test that was
simply part of the job application process. There was no agreement,
written or oral, between the parties, or, for that matter, a promise of
employment conditioned upon the preemployment inspection.
Furthermore, plaintiff had no right to demand payment for the inspec-
tion. Allowing plaintiff to seek benefits under the Act would be akin
to allowing *every person* who is injured in the course of a job inter-
view to seek benefits. This is clearly not the purpose of the Act.

Because an employer-employee relationship did not exist
between the parties in the case *sub judice*, plaintiff's injury is not
compensable under the Act. Therefore, the North Carolina courts of
general jurisdiction, not the Industrial Commission, have subject mat-
ter jurisdiction over the present case. This assignment of error is
accordingly overruled.

## II.  Summary Judgment

[2] Summary judgment is appropriate only "if the pleadings, deposi-
tions, answers to interrogatories, and admissions on file, together
with the affidavits, if any, show that there is no genuine issue as to
any material fact and that any party is entitled to a judgment as a mat-
ter of law." N.C.R. Civ. P. 56(c). "The movant must clearly demon-
strate the lack of any triable issue of fact and entitlement to judgment
as a matter of law." *Marcus Bros. Textiles, Inc. v. Price Waterhouse,
LLP,* 350 N.C. 214, 220, 513 S.E.2d 320, 324 (1999) (citation omitted).
In ruling on a motion for summary judgment, the evidence of record
must be considered in the light most favorable to the party opposing
the motion. *Id.* " '[A]ll inferences of fact from the proofs proffered at
the hearing must be drawn against the movant and in favor of the

**HUNTLEY v. HOWARD LISK CO.**

[154 N.C. App. 698 (2002)]

party opposing the motion.' " *Id.* at 220, 513 S.E.2d at 325 (alteration in original) (citation omitted).

Plaintiff argues that defendant was negligent in failing to warn her that the tractor-trailer had handholds only on the inside of the cab. "Actionable negligence presupposes the existence of a legal relationship between parties by which the injured party is owed a duty by the other, and such duty must be imposed by law." *Pinnix v. Toomey*, 242 N.C. 358, 362, 87 S.E.2d 893, 897 (1955) (citation omitted). Therefore, our determination of whether defendant owed a duty of care to plaintiff under the existing circumstances is critical to the disposition of this appeal.

Whether defendant owes plaintiff a duty of care is a question of law. *Id.* Generally, owners and occupiers of land owe a duty of reasonable care toward all lawful visitors. *Nelson v. Freeland*, 349 N.C. 615, 617-18, 507 S.E.2d 882, 883-84 (1998). However, there is no duty to warn "against dangers either known or so obvious and apparent that they reasonably may be expected to be discovered" by a person exercising ordinary care. *Von Viczay v. Thoms*, 140 N.C. App. 737, 739, 538 S.E.2d 629, 631 (2000) (citations omitted), *affirmed*, 353 N.C. 445, 545 S.E.2d 210 (2001).

Our review of the evidence reveals that defendant did not owe plaintiff a duty of care. The existence of handholds inside the cab, as well as the lack of similar devices on the outside, represented an open and safe condition which should have been apparent to someone exercising the proper level of care. Plaintiff testified during her deposition that there was nothing obstructing her view or preventing her from seeing that there were no handholds on the outside of the cab. Rather than exercise ordinary care, plaintiff chose to ignore the obvious condition and just assumed that handholds existed on the outside of the cab. Given this and other relevant evidence, we find that defendant clearly did not owe plaintiff a duty of care. As no duty of care existed, the alleged negligence is not actionable as a matter of law. The trial court was therefore correct in granting defendant's motion for summary judgment. Because no actionable negligence existed on the part of defendant, we need not address defendant's contention that plaintiff was contributorily negligent.

For the reasons stated above, we affirm the 17 October 2001 order of the trial court.

VOELSKE v. MID-SOUTH INS. CO.

[154 N.C. App. 704 (2002)]

AFFIRMED.

Judges GREENE and MARTIN concur.