DIANNA S. FLOYD, EMPLOYEE, PLAINTIFF v. EXECUTIVE PERSONNEL GROUP, EMPLOYER, NATIONAL BENEFITS AMERICA, INC., CARRIER, AND PENCO PROD-UCTS, INC., EMPLOYER, ACE USA/ESIS, CARRIER, DEFENDANTS

No. COA08-439

(Filed 16 December 2008)

**1. Workers' Compensation— employer-employee relation-ship—temporary worker applying for permanent job—car accident**

The Industrial Commission's findings in a workers' compen-sation case supported its conclusion that plaintiff did not prove the requisite employer-employee relationship where she was working as a temporary employee of Penco and was injured in a car accident as she was going home after a physical examination required for permanent employment. The greater weight of the evidence was that successful completion of the physical and drug test did not guarantee employment.

**2. Workers' Compensation— employment with temporary agency—car accident after applying for permanent job—not compensable**

The Industrial Commission properly concluded that a work-ers' compensation plaintiff did not suffer an accident arising from the course of her employment with a temporary agency, and that her injuries were not compensable, where she was injured in a car accident while going home from a physical exam required for an application for permanent employment at her work site. Plaintiff's temporary employment did not require her to attend the physical and did not require her to drive her personal vehicle. This was not a risk to which plaintiff was exposed because of the nature of her employment.

**FLOYD v. EXECUTIVE PERSONNEL GRP.**

[194 N.C. App. 322 (2008)]

**3. Appeal and Error— preservation of issues—issues first raised on appeal—not addressed**

Issues in a workers' compensation case raised for the first time on appeal were not addressed.

**4. Workers' Compensation— findings-sufficient**

The Industrial Commission made sufficient findings in a workers' compensation case to support its conclusions, even though plaintiff contended that there were matters which were not addressed. The Commission is not required to find facts on all credible evidence.

Appeal by plaintiff from Opinion and Award entered 4 December 2007 by the North Carolina Industrial Commission. Heard in the Court of Appeals 25 September 2008.

*Horn & Vosburg, PLLC, by Martin J. Horn, for plaintiff appellant.*

*Cranfill Sumner & Hartzog, L.L.P., by David A. Rhoades and Meredith Taylor Berard for Penco Products, Inc. and ACE USA/ESIS defendant appellees.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by Bruce A. Hamilton, for Executive Personnel Group and National Benefits America, Inc., defendant appellees.*

McCULLOUGH, Judge.

Dianna S. Floyd ("plaintiff") appeals from an Opinion and Award of the North Carolina Industrial Commission ("the Commission") denying her claim for benefits under the North Carolina Workers' Compensation Act for injuries sustained during an automobile collision. We affirm.

"[W]hen reviewing Industrial Commission decisions, appellate courts must examine 'whether any competent evidence supports the Commission's findings of fact and whether [those] findings . . . support the Commission's conclusions of law.' " *McRae v. Toastmaster, Inc.*, 358 N.C. 488, 496, 597 S.E.2d 695, 700 (2004) (citation omitted). "The Commission's findings of fact are conclusive on appeal when supported by such competent evidence, 'even though there [is] evidence that would support findings to the contrary.' " *Id.* (citation omitted). In addition, findings of fact not assigned as error are binding on appeal. *Johnson v. Herbie's Place*, 157 N.C. App. 168, 180, 579

S.E.2d 110, 118, *disc. review denied*, 357 N.C. 460, 585 S.E.2d 760 (2003). The Commission's conclusions of law are reviewed *de novo*. *McRae*, 358 N.C. at 496, 597 S.E.2d at 701.

Plaintiff has only challenged a portion of one of the Commission's findings, Finding of Fact 12. The Commission's remaining unchallenged findings establish the following:

Defendant Executive Personnel Group ("EPG") is a placement agency that supplies temporary workers to various companies, including, among others, defendant Penco Products, Inc. ("Penco"). Penco is a storage product manufacturer. EPG is insured by defendant National Benefits America, Inc. ("National Benefits"), and Penco is insured by defendant Ace USA/ESIS ("Ace USA").

Pursuant to an arrangement between Penco and EPG, Penco paid EPG a fee that was approximately thirty-two percent higher than the wages paid to the temporary workers. In return, EPG paid the temporary workers hourly wages, handled administrative matters, and obtained a reasonable profit. EPG agreed to provide workers' compensation insurance for all temporary workers that it supplied to Penco.

Once an EPG temporary worker accrued a certain number of hours working for Penco, usually between 500 to 1500 hours, the EPG temporary worker became eligible for permanent employment with Penco. A temporary worker's eligibility for permanent employment, however, was contingent upon a Penco supervisor's assessment of Penco's staffing needs and the worker's ability. EPG did not participate in Penco's hiring decisions.

All applicants for permanent employment with Penco were required to undergo a pre-employment physical examination and drug screening. After passing the physical examination and drug screening, the prospective employee was required to complete insurance and tax forms, among other paperwork. Moreover, there had been occasions where applicants had completed and passed the pre-employment physical and drug screening, but were never hired by Penco.

Plaintiff began working for EPG in April of 2003 and had worked "off and on" as a temporary worker at Penco for about two years.[1] In

---

1. The Full Commission did not expressly find this fact; however, there is evidence in the record to support it. We include it solely to help establish the factual background of the case.

**FLOYD v. EXECUTIVE PERSONNEL GRP.**

[194 N.C. App. 322 (2008)]

February of 2004, plaintiff completed an application for permanent employment with Penco. In June of 2004, Penco supervisors advised plaintiff that she would have to complete a drug screening and physical examination. Penco scheduled the physical examination with Dr. Domingo Rodriguez-Cue in Williamston, North Carolina. The Commission found that:

> [p]laintiff understood that the physical would be on her own time and that she would not be paid for attending or for the mileage incurred by attending the exam. Defendant EPG did not require plaintiff to undergo the physical examination or drug testing to maintain her temporary employment.

On 17 June 2004, at 10:50 a.m., plaintiff underwent a pre-employment physical examination and drug screen at Dr. Rodriguez-Cue's office. On the way home from the examination, at 12:51 p.m., plaintiff was involved in an automobile collision.

On 21 July 2004, plaintiff filed a Form 18 claim for workers' compensation benefits for wrist, ankle, and knee injuries sustained during the collision pursuant to N.C. Gen. Stat. §§ 97-22 to -24 (2007). This claim was denied. The matter was first heard before a Deputy Commissioner on 20 July 2006. On 26 April 2007, the Deputy Commissioner entered an Opinion and Award finding that plaintiff was not an employee of Penco at the time of the automobile accident, but that plaintiff did have an employment relationship with EPG and that EPG was liable for plaintiff's injuries.

After a hearing on the matter, the Full Commission affirmed the Deputy's determination that Penco was not plaintiff's employer at the time of the collision and was therefore not liable for plaintiff's injuries; however, the Commission concluded that plaintiff's collision did not arise out of, and was not in the course of, her employment with EPG. Therefore, the Commission reversed the Deputy's determination that EPG was liable under the Workers' Compensation Act for plaintiff's injuries. Plaintiff appeals.

## I. Liability of Penco

[1] First, we address plaintiff's contention that the Commission erred in concluding that the motor vehicle accident did not arise from and did not occur in the scope and course of plaintiff's employment with Penco. We find our decision in *Huntley v. Howard Lisk Co.*, 154 N.C. App. 698, 573 S.E.2d 233 (2002), *disc. review denied*, 357 N.C. 62, 579 S.E.2d 389 (2003), to be controlling on the facts of this case.

It is well established that our Workers' Compensation Act ("the Act"), N.C. Gen. Stat. §§ 97-1 to -200 (2007), applies only when an employer-employee relationship exists. *Hicks v. Guilford County*, 267 N.C. 364, 365, 148 S.E.2d 240, 242 (1966). The Act defines "employee" as:

> **every person engaged in . . . employment under any appointment or contract of hire or apprenticeship, express or implied, oral or written,** including aliens, and also minors, whether lawfully or unlawfully employed, but excluding persons whose employment is both casual and not in the course of the trade, business, profession, or occupation of his employer . . . .

N.C. Gen. Stat. § 97-2(2) (2007) (emphasis added). Thus, the existence of an employment agreement is essential for the formation of an employer-employee relationship. *Huntley*, 154 N.C. App. at 702, 573 S.E.2d at 235.

In *Huntley*, the plaintiff, a prospective employee, was injured while taking a driving test that was part of the job application process for a position with the defendant. *Id.* at 702, 573 S.E.2d at 236. The plaintiff argued that the North Carolina Industrial Commission, not the trial court, had exclusive original jurisdiction over plaintiff's claims against the defendant. In rejecting this argument, we reasoned that because there was "no agreement, written or oral, between the parties, or, for that matter, a promise of employment conditioned upon the pre[-] employment inspection[,]" the requisite employer-employee relationship did not exist between the parties. *Id.* Accordingly, we held that the plaintiff's injury was not compensable under the Act, and the North Carolina Industrial Commission had no subject matter jurisdiction over the matter. *Id.* ("Allowing plaintiff to seek benefits under the Act would be akin to allowing *every person* who is injured in the course of a job interview to seek benefits. This is clearly not the purpose of the Act.") *Id.*

Here, the Commission found that "[a]lthough it was plaintiff's understanding that she was going to be hired as a permanent employee by Penco . . . if she passed the physical and drug screen, the greater weight of the evidence shows that the successful completion of Penco's pre-employment physical and drug test did not guarantee employment." The Commission also found that there had been instances where employees had passed the pre-employment physical exam and drug screen, but were never hired by Penco. Plaintiff did not assign error to these findings of fact, and they are, therefore;

binding on appeal. *Johnson,* 157 N.C. App. at 180, 579 S.E.2d at 118. Accordingly, the Commission's factual findings support the Commission's conclusion that plaintiff failed to prove the requisite employer-employee relationship necessary to recover workers' compensation benefits from Penco under the Act.

## II. Liability of EPG

[2] Next, we turn to plaintiff's argument that the Commission erred in determining that plaintiff's car accident did not arise from or occur within the scope of her employment with EPG. Plaintiff contends that EPG directly benefited from having plaintiff obtain permanent employment with Penco. She argues that Penco's hiring of EPG workers furthered EPG's business relationship with Penco and served as incentive for temporary workers to seek employment with EPG. Therefore, plaintiff reasons that plaintiff's doctor's appointment was related to and was within the scope of her employment with EPG. We disagree.

For an injury to be compensable under the Act, it must be an "injury by accident arising out of and in the course of employment[.]" N.C. Gen. Stat. § 97-2(6). "Whether an injury arises out of and in the course of . . . employment is a mixed question of fact and law, and our review is thus limited to whether the findings and conclusions are supported by the evidence." *Creel v. Town of Dover,* 126 N.C. App. 547, 552, 486 S.E.2d 478, 481 (1997).

> The phrase "arising out of" refers to the requirement that there be some causal connection between the injury and claimant's employment. "In the course of" refers to the time and place constraints on the injury; **the injury must occur**
>
> **"during the period of employment at a place where an employee's duties are calculated to take him[.]"**

*Id.* at 552-53, 486 S.E.2d at 481 (citation omitted) (emphasis added). The controlling test when determining whether an injury "arises out of the employment" is whether the injury is the natural and probable consequence of the nature of the employment. *Gallimore v. Marilyn's Shoes,* 292 N.C. 399, 404, 233 S.E.2d 529, 532-33 (1977).

Here, the Commission found as fact in Finding of Fact 12:

> [P]laintiff's having her pre-employment physical on June 17, 2004 was solely for the purpose of the possibility of employment with defendant Penco and was not in furtherance of or related to her

employment as a temporary worker with defendant EPG. **Plaintiff's temporary employment through defendant EPG and assignment to defendant Penco did not require plaintiff to attend the pre-employment physical and testing.** . . . [The physical and drug screen were] not related to her duties for defendant EPG. Defendant EPG was not involved in the payment of or scheduling of the physical exam and drug testing. **In addition, plaintiff's job duties with defendant EPG did not require plaintiff to drive her personal vehicle to fulfill her employment duties.**[2]

There is competent evidence in the record to support this finding of fact. There is evidence in the record that EPG is a temporary placement agency that placed plaintiff to work at the Penco manufacturing plant and that plaintiff's placement with Penco did not require her to drive from worksite to worksite. Likewise, Eleanor Gardner, the Human Resources Manager at Penco, testified that Penco does not require temporary workers to pursue permanent employment. There is evidence that EPG did not pay for plaintiff's doctor's visit, nor did EPG have any role in scheduling the visit. Likewise, plaintiff testified that "she wasn't on company time" at the time of the collision.

The Commission's finding that plaintiff's job duties with EPG did not require her to drive an automobile, supports the conclusion that the risk of an automobile collision was not a risk to which plaintiff was exposed because of the nature of her employment with EPG. As such, plaintiff's employment with EPG was not a contributing proximate cause of plaintiff's injury; therefore, plaintiff's injury did not "arise from" her employment with EPG. *Gallimore*, 292 N.C. at 404, 233 S.E.2d at 533. Moreover, the Commission's findings of fact also support the conclusion that plaintiff's injury did not occur within the scope of her employment with EPG, as the injury occurred on "her own time" rather than on company time, and it did not occur at a place where plaintiff's duties were "calculated to take [her]." *Creel*, 126 N.C. App. at 552-53, 486 S.E.2d at 478. Thus, the Commission properly concluded that plaintiff's automobile accident did not arise out of or in the course or her employment with EPG, and plaintiff's injuries are, therefore, not compensable under the Act.

2. Finding of Fact 12 is the only finding of fact that plaintiff challenges on appeal. Plaintiff only assigns error, however, to the extent that the "Commission distinguishes between the employers EPG (the temporary personnel service) and Penco (the manufacturing business.)" While it is not clear to which portion of Finding of Fact 12 plaintiff objects, we assume *arguendo*, that plaintiff has assigned error to all of Finding of Fact 12.

### III. Arguments Not Before the Commission

[3] Plaintiff raises two additional arguments in support of her contention that the Commission erred in concluding that the automobile accident did not occur during the course of plaintiff's employment with EPG and Penco. First, relying on the common law loaned servant doctrine,[3] plaintiff contends that she was an employee of both the temporary agency EPG and Penco, the special employer, at the time of the collision. Second, plaintiff contends that although her work for Penco usually required her to work inside of the manufacturing plant, the automobile accident occurred during the scope of her employment with Penco under the special errand exception.[4]

Plaintiff, however, raises these arguments for the first time on appeal. The "law does not permit parties to swap horses between courts in order to get a better mount" on appeal. *Weil v. Herring*, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934). We briefly note that we find neither of these arguments persuasive; however, because these arguments were not raised before the Full Commission, we will not address them on appeal.

### IV. Sufficiency of Factual Findings

[4] By her final assignments of error, plaintiff contends that the Commission erred by failing to make findings of fact regarding the consequences of not submitting to a pre-employment physical examination and drug screening, the details surrounding the scheduling of plaintiff's doctor appointment, and the benefits to both employers of having their employees submit to such examinations. We disagree.

" '[T]he Commission is not required . . . to find facts as to all credible evidence. That requirement would place an unreasonable burden on the Commission. Instead the Commission must find those facts which are necessary to support its conclusions of law.' " *Peagler v. Tyson Foods, Inc.*, 138 N.C. App. 593, 602, 532 S.E.2d 207, 213 (2000) (citation omitted). As previously discussed, the Commission made sufficient findings of fact to support its conclu-

---

3. Under the loaned servant doctrine, "a general employee of one can also be the special employee of another while doing the latter's work and under his control." *Henderson v. Manpower*, 70 N.C. App. 408, 413, 319 S.E.2d 690, 693 (1984).

4. The "special errand" exception "allows an employee to recover for injuries sustained while traveling to or from work if the injuries occur while the employee is engaged in a special duty or errand for his employer." *Dunn v. Marconi Communications, Inc.*, 161 N.C. App. 606, 612, 589 S.E.2d 150, 155 (2003).

sions of law. Therefore, its findings of fact are sufficient. This assignment of error is overruled.

For the foregoing reasons, we affirm the Commission's Opinion and Award denying plaintiff's claim for workers' compensation benefits for the injuries sustained during her automobile collision.

Affirmed.

Judges TYSON and CALABRIA concur.