An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA12-1238

NORTH CAROLINA COURT OF APPEALS

Filed: 3 June 2014

JOSEPH E. BURROUGHS, Employee,
      Plaintiff,

v.

LASER RECHARGE OF CAROLINAS, INC.,
Employer, and NORGUARD INSURANCE
COMPANY, Carrier,
      Defendants.

North Carolina Industrial
Commission
I.C. No. 584372

Appeal by defendants from opinion and award entered 27 June 2012 by the Full Commission of the North Carolina Industrial Commission. Heard in the Court of Appeals 8 April 2014.

*Lennon, Camak & Bertics, PLLC, by Michael W. Bertics and S. Neal Camak, for plaintiff-appellee.*

*Teague Campbell Dennis & Gorham, L.L.P., by John A. Tomei, for defendants-appellants.*

HUNTER, Robert C., Judge.

Laser Recharge of Carolinas, Inc., ("Laser Recharge") together with its insurance carrier Norguard Insurance Company (collectively "defendants"), appeal from an opinion and award entered by the Full Commission of the North Carolina Industrial

Commission ordering defendants to pay compensation for 2,726 hours of attendant care services performed by plaintiff Joseph E. Burroughs's family members. On appeal, defendants argue that: (1) this case must be remanded so that the Full Commission may enter findings as to the timeliness of plaintiff's request for attendant care compensation; (2) certain aspects of plaintiff's need for attendant care are not compensable as a matter of law; and (3) the Full Commission erred by awarding reimbursement to plaintiff directly rather than to the specific family members who performed the attendant care services.

After careful review, we reverse and remand to the Full Commission.

## Background

Defendants do not contest any of the Full Commission's findings of fact. Thus, the Full Commission's findings are presumed to be supported by competent evidence and are binding on appeal. *See Chaisson v. Simpson*, 195 N.C. App. 463, 470, 673 S.E.2d 149, 156 (2009). The relevant findings of fact entered by the Full Commission are as follows: Plaintiff began working for Laser Recharge in 1997 as a delivery driver. On 30 November 2005, plaintiff suffered a compensable work-related injury to his neck which required a multi-level cervical fusion surgery.

Plaintiff was found to be permanently and totally disabled as a result of this injury.

Due to pain in his neck following the initial surgery in November 2005, plaintiff had trouble performing many of the household chores he was accustomed to doing, such as moving trash to the curb and driving himself to medical appointments. Defendants provided a transportation service to drive plaintiff to medical appointments, but the drivers were unreliable, and defendants discontinued this service at plaintiff's wife's request. Based on the opinion of Dr. Steven Prakken ("Dr. Prakken"), plaintiff's pain management physician, the Full Commission found as fact that plaintiff required two hours of attendant care per day from 30 November 2005 to 31 May 2006 and that this attendant care was provided by plaintiff's wife and other family members.

Beginning in the summer of 2006, plaintiff's health began to deteriorate. He no longer felt he could perform routine household tasks, like yard work. He experienced increased pain emanating from his neck into his arms. In September 2007, plaintiff's neurosurgeon, Dr. Russell Margraf ("Dr. Margraf"), recommended additional neck surgery if plaintiff's condition did not improve. Over the next year, plaintiff continued to

experience pain in his neck, tingling in both hands, and weakness in his right hand. Dr. Prakken opined that during this period, plaintiff required between two and four hours of attendant care per day. Based on this opinion, the Full Commission found that from 1 June 2006 to 30 September 2008, plaintiff required two hours of attendant care per day, and this care was provided by plaintiff's wife and other family members. Specifically, the Full Commission found that "[plaintiff's family members] performed tasks plaintiff used to perform himself such as yard work, cleaning the gutters, washing the house and cars, vacuuming and taking out the trash. Plaintiff was also unable to help his wife with the laundry and cooking, tasks for which they had previously shared responsibility."

Plaintiff underwent an additional multi-level cervical fusion surgery on 7 May 2009. From October 2008 through the date of this procedure, plaintiff was forced to use a cane to walk due to difficulty with his gait; he also suffered from urinary urgency. Based on Dr. Prakken's opinion, the Full Commission found that from 1 October 2008 through 6 May 2009, plaintiff required three hours of attendant care per day, which was provided by plaintiff's wife and other family members.

Plaintiff remained in the hospital until 13 June 2009 after undergoing the additional surgery on 7 May.

Following release from the hospital, plaintiff was no longer able to perform any activities around the house, including bathing, feeding, dressing, or toileting on his own. For the time period beginning with plaintiff's release from the hospital and going through 31 October 2009, Dr. Margraf prescribed two hours of attendant care per day, five days per week, which defendants provided. In early 2010, plaintiff underwent additional surgery to remove a vocal cord growth related to the May 2009 surgery. On 30 April 2010, Dr. Prakken prescribed two weeks of attendant care, which defendants provided. The Full Commission found that during the times when attendant caretakers provided by defendants were not at plaintiff's home, plaintiff's wife would constantly monitor him to manage his medications and ensure that he did not fall. Based on Dr. Prakken's opinion, the Full Commission found that from 13 June 2009 until the date of the hearing before the Commission on 1 May 2012 and continuing, plaintiff required four hours of direct attendant care and eight hours of passive attendant care per day, which has been and continues to be provided by plaintiff's wife and other family members.

Thus, the Full Commission found that plaintiff's wife and family members are entitled to reimbursement for the attendant care that they have provided since November 2005. In total, these amounted to 2,726 hours of compensable attendant care from 30 November 2005 through 6 May 2009. Additionally, the Full Commission ordered that beginning 13 June 2009 and continuing until further order of the Commission, defendants are to pay for twelve hours of attendant care per day, seven days a week. The Full Commission concluded that although plaintiff's family members are entitled to reimbursement for these hours, the record did not contain sufficient evidence of the market hourly rate for an unskilled attendant care provider. Thus, it noted that the parties must stipulate to the appropriate hourly rate or request Commission approval to take depositions or submit other evidence to resolve the rate amount. Defendants filed timely notice of appeal from the Full Commission's opinion and award.

By order of this Court entered 30 October 2012, defendants' appeal was held in abeyance pending resolution of two North Carolina Supreme Court cases – *Chandler ex re. Harris v. Atlantic Scrap & Processing*, __ N.C. __, 749 S.E.2d 278 (2013), and *Mehaffey v. Burger King*, __ N.C. __, 749 S.E.2d 252 (2013).

Both cases were filed by the Supreme Court in November 2013, and the parties to this suit filed briefs within thirty days thereafter.

## Discussion

### I. Timeliness of Plaintiff's Request

Defendants first argue that, pursuant to the holding in *Mehaffey*, the Full Commission's opinion and award must be remanded for entry of factual findings and legal conclusions related to the timeliness of plaintiff's request for reimbursement. We agree.

Plaintiff argues that defendants failed to preserve this issue on appeal because they did not properly present this contention in the first instance before the Full Commission. *See Floyd v. Executive Personnel Grp.*, 194 N.C. App. 322, 329, 669 S.E.2d 822, 828 (2008) (holding that a party may not raise an argument for the first time on appeal that was not brought first before the Industrial Commission). However, we believe that defendants presented this issue before the Commission and therefore preserved it for appellate review. On page six of defendants' brief to the Full Commission, they argued that:

> To permit an employee to wait years after a family member begins providing post-accident care before bringing the issue of reimbursement to the attention of the

> employer, carrier, and Commission would frustrate the second of the two goals reflected in § 97-25.4(a): the containment of medical costs.

Although defendants did not explicitly request that the Full Commission enter findings and conclusions as to the reasonableness of the length of time it took plaintiff to request reimbursement for these attendant care services, they did argue that the length of time was an additional reason to deny plaintiff's request. Thus, we conclude defendants raised and argued this point before the Full Commission and the issue is properly preserved for appellate review. *See Floyd*, 194 N.C. App. at 329, 669 S.E.2d at 828.

Turning to the merits of defendants' argument, we agree that under *Mehaffey*, this matter must be remanded. The *Mehaffey* Court noted that "to receive compensation for medical services, an injured worker is required to obtain approval from the Commission within a reasonable time after he selects a medical provider." *Mehaffey*, __ N.C. at __, 749 S.E.2d at 257. Therefore, "[i]f [a] plaintiff did not seek approval within a reasonable time, he is not entitled to reimbursement." *Id.* Because the defendants in *Mehaffey* challenged the reasonableness of the timing of the plaintiff's request and the Full Commission did not resolve that issue in its findings of fact or

conclusions of law, the Supreme Court remanded for entry of such findings and conclusions. *Id.*

Here, like in *Mehaffey*, defendants challenged the reasonableness of the timing of plaintiff's request for reimbursement for attendant care services, and the Full Commission failed to enter findings of fact or conclusions of law resolving that issue. Accordingly, pursuant to the *Mehaffey* holding, we remand for entry of further findings of fact and conclusions of law as to the timeliness of plaintiff's request for reimbursement.[1]

## II. Compensability of Attendant Care Services

Defendants next argue that some of the services for which plaintiff was reimbursed are not compensable as a matter of law. Because the Full Commission entered findings of fact that would

---

[1] Plaintiff also argues that defendants are barred from challenging the timeliness of plaintiff's request because defendants waived their right to direct medical care by denying plaintiff's need for care in the past. We disagree for two reasons: (1) nothing in *Mehaffey* indicates that defendants' previous denial of care affects the Full Commission's duty to enter findings of fact and conclusions of law as to the timeliness of a request where defendants have properly raised that issue before the Commission; and (2) defendants did not completely deny plaintiff's attendant care. To the contrary, defendants provided all attendant care that was prescribed in 2009 and 2010. In their brief, defendants concede that there is competent evidence to support an award of "some ongoing attendant care services for [p]laintiff." Thus, plaintiff's argument regarding waiver is without merit.

support an erroneous conclusion of law, but did not specify whether those facts were taken into account in its award, we remand for clarification on this issue.

N.C. Gen. Stat. § 97-25 (2013) states that "[m]edical compensation shall be provided by the employer." Medical compensation is defined in relevant part as:

> medical, surgical, hospital, nursing, and rehabilitative services, including, but not limited to, attendant care services prescribed by a health care provider authorized by the employer or subsequently by the Commission, vocational rehabilitation, and medicines, sick travel, and other treatment, including medical and surgical supplies, as may reasonably be required to effect a cure or give relief and for such additional time as, in the judgment of the Commission, will tend to lessen the period of disability[.]

N.C. Gen. Stat. § 97-2(19) (2013). This Court has previously held that "ordinary expense[s] of life" are not included in the definition of "medical compensation" and therefore are not required to be provided or reimbursed by the employer. *See Scarboro v. Emery Worldwide Freight Corp.*, 192 N.C. App. 488, 494, 665 S.E.2d 781, 786 (2008).

The holding in *Scarboro* is instructive here. In that case, the Full Commission found as fact that because of a work-related back injury, the plaintiff was unable to perform yard work that

was required by his homeowners' association. *Scarboro*, 192 N.C. App. at 494, 665 S.E.2d at 786. The plaintiff sought to have his employer reimburse him for the costs of hiring an outside company to perform the yard work on the theory that such services were an "extraordinary and unusual expense included in the 'other treatment' language of N.C. Gen. Stat. § 97-25." *Id.* at 492, 665 S.E.2d at 784. However, the Court held that "providing plaintiff with the resources to comply with this restrictive covenant [to perform certain yard work] does not rise to the level of 'other treatment.' [The Full Commission's] factual findings support the conclusion that the lawn care services are an ordinary expense of life, which is not included in medical compensation, pursuant to N.C. Gen. Stat. § 97-2(19) and N.C. Gen. Stat. § 97-25." *Id.*

Here, the Full Commission found as fact that:

> 8. During the summer of 2006, plaintiff was still unable to perform some of the activities of daily living that he had been able to perform prior to his injury. Plaintiff could no longer care for his yard, and his wife had to take the trash out because he was unable to do so.
>
> . . .
>
> 11. Plaintiff's condition continued to decline over the next year. During his first appointment with Dr. Prakken on September 29, 2008, plaintiff reported pain

> in his neck and back, tingling in both hands, and weakness in his right hand which limited his ability to work around his house. As a result of this, family members including plaintiff's daughter, brother-in-law and son-in-law performed tasks plaintiff used to perform himself such as yard work, cleaning the gutters, washing the house and cars, vacuuming and taking out the trash. Plaintiff was also unable to help his wife with the laundry and cooking, tasks for which they had previously shared responsibility.

It is clear that some of the activities identified by the Full Commission as being performed by plaintiff's family members on his behalf, specifically yard work and other household chores, fall under the definition of "ordinary expenses of life" and are therefore not compensable. *See Scarboro*, 192 N.C. App at 492, 665 S.E.2d at 784. However, it is unclear to what extent the Full Commission relied on these factual findings in its opinion and award. Although the Full Commission's conclusion that plaintiff is entitled to reimbursement for attendant care is supported by competent evidence, we have no way of knowing how many of these hours were comprised of non-compensable "ordinary expenses of life" activities.

Accordingly, pursuant to *Scarboro*, we remand to the Full Commission for clarification in its findings of fact and conclusions of law as to this distinction, and we instruct the

Full Commission to award reimbursement only for those "extraordinary and unusual expenses" that are compensable under section 97-25.

### III. Payment Recipients

Defendants' final argument on appeal is that the Full Commission erred by awarding reimbursement directly to plaintiff rather than to the family members who actually performed the attendant care services. However, defendants cite no authority for the proposition that this failure to specify recipients and connect their award to the attendant care provided amounts to reversible error. Thus, this argument is deemed abandoned. *See Hackos v. Goodman, Allen & Filetti, PLLC*, __ N.C. App. __, __, 745 S.E.2d 336, 341 (2013).

Furthermore, we disagree with defendants' contention that plaintiff's wife should not be awarded compensation solely because she herself is also disabled. Defendants assert that plaintiff's wife "has not had to alter her routine at all in order to provide [p]laintiff with this 'passive care.' Due to her own disability, she has not worked since before [p]laintiff was injured and would be at home with him regardless of his need for someone to be within shouting distance." We expressly reject this line of argument. Neither defendants nor this Court

have any basis to assume how plaintiff's wife would have spent her time had plaintiff not been seriously injured. Defendants' argument is overruled.

## Conclusion

For the reasons stated above, we reverse the opinion and award and remand to the Full Commission for entry of findings of fact and conclusions of law: (1) addressing the reasonableness of the amount of time it took plaintiff to request reimbursement for the attendant care services plaintiff's family provided; and (2) resolving what portion of the attendant care to which plaintiff is entitled was comprised of valid medical compensation under the meaning of section 97-25.

REVERSED AND REMANDED.

Judges BRYANT and STEELMAN concur.

Report per Rule 30(e).